Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| AUREA IVETTE PADILLA DÍAZ **Apelado** V. INSTITUCIÓN DE ANCIANOS CASITA DE AMOR, INC. **Apelante** V. CONDE INSURANCE INC./AIG INSURANCE COMPANY P.R. **Apelado** | KLAN202400096 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina Civil. Núm. F DP2012-0119 Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard

**Hernández Sánchez, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 1 de abril de 2024.

El 2 de febrero de 2024, Institución de Ancianos Casita de Amor, Inc. (Casita de Amor o apelante) compareció ante nos mediante un recurso de *Apelación* y solicitó la revisión de una *Sentencia Parcial* que se dictó el 15 de febrero de 2023 y se notificó el 16 de febrero de 2023 por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI). Mediante el aludido dictamen, el TPI declaró Ha Lugar la *Moción de Sentencia Sumaria* que presentó Conde Insurance Inc. (Conde o apelado) el 11 de agosto de 2021 y, en consecuencia, desestimó, con perjuicio, la *Demanda Contra Tercero* que presentó Casita de Amor en contra de Conde y su aseguradora, AIG Insurance Company Puerto Rico (AIG).

Por los fundamentos que expondremos a continuación, ***confirmamos*** el dictamen recurrido.

Número Identificador

SEN2024 _____

I.

A continuación, resumimos los hechos pertinentes para la disposición del recurso, los cuales surgen de los autos originales del caso.[1]

El 9 de abril de 2012, la Sra. Aurea Ivette Padilla Díaz (señora Padilla) presentó una *Demanda* sobre daños y perjuicios en contra de Casita Amor; Julio A. Santos Rivera, por sí y en representación de la Sociedad Legal de Gananciales compuesta con Fulana de Tal; Aseguradora ABC; John Doe y Richard Doe (parte demandada). En esta, adujo que, su madre, la Sra. María Cristina Díaz Aquino, sufrió una caída el 13 de abril de 2011 mientras residía en el hogar de envejecientes Casita de Amor. Consecuentemente, reclamó indemnización por los daños presuntamente sufridos a raíz de dicho accidente. En respuesta, el 9 de julio de 2012, la parte demandada presentó su alegación responsiva y sus defensas afirmativas.

Luego de varios trámites procesales que no son pertinentes discutir, el 21 de agosto de 2015, Casita Amor presentó una *Demanda de Coparte contra Integrand Assurance Company y Demanda contra Tercero a Conde Insurance Inc.*[2] En lo pertinente al asunto ante nos, en la Demanda Contra Tercero, Casita de Amor alegó que entró en una relación contractual con Conde Insurance Inc. (Conde) para que este le gestionara los seguros de responsabilidad pública con los correspondientes endosos para cubrir daños y perjuicios ocasionados a terceros que surgieran de la operación de la referida institución. Indicó que, siguiendo las recomendaciones de Conde, le compró una póliza a Integrand Assurance Company (Integrand). Sostuvo que, según Conde, esta póliza cubría reclamaciones como el de la presente controversia. Sin embargo, argumentó que Conde cometió el error de

---

[1] El 6 de marzo de 2023, emitimos una Resolución solicitándole al TPI a que realizara las gestiones pertinentes para que nos hiciera llegar los autos originales del caso en calidad de préstamo.

[2] El 10 de abril de 2017 el TPI dictó una *Sentencia Parcial* que se notificó el 20 de abril de 2017. En esta, declaró Con Lugar una moción dispositiva que presentó Integrand y, en consecuencia, archivó en su totalidad la causa de acción en su contra, con perjuicio.

no incluir el endoso requerido para que la causa de acción del presente caso fuese cubierta por la póliza recomendada y adquirida por lo que Integrand le denegó la cubierta para la presente causa de acción. Así pues, razonó que Conde había sido negligente y estimó que los daños y perjuicios causados por esta omisión ascendían a una cantidad no menor de $60,000.00.

Así las cosas, el 23 de octubre de 2015, Conde presentó su *Contestación a Demanda Contra Tercero.* En primer lugar, indicó que, como corredor de seguros, orientó a Casita de Amor sobre la necesidad de obtener una cubierta de responsabilidad pública por el tipo de negocio que operaba y sobre sus alcances, limitaciones y los endosos disponibles. De igual forma, admitió que fue el corredor de seguros que gestionó la póliza expedida por Integrand a favor de Casita de Amor. Sin embargo, negó tener la capacidad legal para realizar determinaciones de cubiertas relacionadas con reclamaciones presentadas en contra de Casita de Amor. Así pues, afirmó que manejó la cuenta de Casita de Amor conforme a las mejores prácticas de la industria de seguros. Finalmente, como parte de sus defensas afirmativas puntualizó que la causa de acción en su contra estaba prescrita.

Cabe precisar que, la Demanda contra Tercero que presentó Casita de Amor fue contra Conde y su aseguradora, AIG. Así pues, el 27 de junio de 2016, esta última también presentó su alegación responsiva a la Demanda Contra Tercero y negó la mayoría de las alegaciones presentadas en esta. Asimismo, como parte de sus defensas afirmativas, sostuvo que la causa de acción en su contra estaba prescrita.

Tras varios trámites procesales que no son pertinentes discutir, el 11 de agosto de 2021, Conde presentó una *Moción de Sentencia Sumaria por Prescripción.* En esta, enumeró catorce (14) hechos que, a su juicio, no estaban en controversia. A base de estos hechos presuntamente incontrovertidos, argumentaron que la causa de acción

en contra de Conde estaba prescrita. Explicó que la reclamación en contra de Conde y AIG era una extracontractual por tratarse de una impericia profesional y no así una acción que se emana por un incumplimiento contractual. A lo antes expuesto añadió que, Casita de Amor en ningún momento efectuó un contrato con ellos por lo que no procedía hablar de la existencia de una relación contractual. Por consiguiente, razonó que le aplicaba el término prescriptivo de un año y no el término de quince (15) años que dispone la ley para causas de acción contractuales.

Para sostener la postura antes mencionada, señaló que, el 9 de abril de 2012, la señora Padilla presentó una Demanda sobre daños y perjuicios por una caída que sufrió su madre en Casita de Amor en el mes de abril de 2011. Sostuvo que, desde el 7 de junio de 2012, Integrand le comunicó a Casita de Amor su denegatoria a proveerle cubierta por la reclamación del presente caso. Indicó que, en respuesta a la denegatoria, Casita de Amor le informó a este último que tanto ellos como Conde le habían hecho ciertas representaciones de cubierta. Expresó que el 12 de noviembre de 2012, Integrand le envió una carta a la apelante mediante la cual manifestó que Conde no era su empleado ni agente por lo cual cualquier representación que este hubiese hecho no los obligaba a ellos. Adujo que lo antes expuesto quedó afirmado a través de una carta que Conde les remitió a Casita de Amor el 16 de enero de 2014 mediante la cual estos indicaron que, como corredores de seguro, no podían realizar las representaciones que señaló Casita de Amor. Puntualizó que, a pesar de ello, la apelante no presentó la Demanda Contra Tercero hasta el 21 de agosto de 2015, entiéndase, casi tres (3) años después de conocer del presunto daño que causó Conde. Por las razones antes expuestas, le solicitó al TPI a que declarara Ha Lugar su solicitud de Sentencia Sumaria.

El 17 de agosto de 2021, AIG presentó una *Moción Uniéndose a Moción de Sentencia Sumaria por Prescripción* que presentó Conde la cual el TPI permitió. Así las cosas, el 13 de septiembre de 2022, el TPI

celebró la conferencia con antelación al juicio y en esta informó que atendería los planteamientos sobre la prescripción que presentó Conde y AIG. Así pues, ordenó que las partes presentaran una moción en conjunto estipulando los hechos incontrovertidos relacionados a las alegaciones a favor y en contra de la prescripción de la causa de acción que se presentó en contra de Conde y AIG. En cumplimiento con esta orden, Casita de Amor, Conde y AIG presentaron una *Moción Informando Estipulaciones de Hechos* en la cual estipularon veinte (20) hechos incontrovertidos.

Posteriormente, Casita de Amor presentó una *Moción en Cumplimiento de Orden para Oponernos a Desestimación por Alegada Prescripción.* En síntesis, argumentó que la causa de acción en contra de Conde y AIG no estaba prescrita ya que entre ellos y Conde hubo una relación contractual por lo que el término prescriptivo aplicable era de quince (15) años y no así de un año. Para fundamentar su postura indicó que, Conde incumplió con sus funciones de promotor al no gestionar con Integrand una póliza de seguros que se ajustara a las necesidades de Casita de Amor. Concluyó que ello constituía negligencia.

Evaluadas las posturas de ambas partes, el 15 de febrero de 2023 el TPI dictó una *Sentencia Parcial* que se notificó el 16 de febrero de 2023. En primer lugar, desglosó los veintiún (21) hechos incontrovertidos que estipularon las partes en su *Moción Informando Estipulaciones de Hechos*. Estos hechos incontrovertidos son los siguientes:

1. Institución Casita de Amor, Inc. se dedica a administrar una institución residencial para el cuido de ancianos llamada Casita de Amor. (Véase Informe Preliminar entre Abogados de Conferencia con Antelación a Juicio (6 de marzo de 2018), Hecho estipulado #3).

2. Conde Insurance, Inc. es una corporación que opera como Productor (corredor) de seguros, según autorizada por el Comisionado de Seguros, con número de licencia 61565. (Véase Informe Preliminar entre Abogados de Conferencia con Antelación a Juicio (6 de marzo de 2018), Hecho estipulado #11).

3. Conde Insurance, Inc. era el corredor de seguros de Casita de Amor desde el año 2010. (Véase Informe Preliminar entre Abogados de Conferencia con Antelación a Juicio (6 de marzo de 2018), Hecho estipulado #12).

4. Conde gestionó a favor de Casita de Amor la póliza de seguros número CP-028043260-000000, expedida por Integrand Assurance Company, con fecha de cubierta de 11 de noviembre de 2010 a 11 de noviembre de 2011. Dicha póliza contenía cubierta de Propiedad, responsabilidad pública e Inland Marine. La referida póliza fue renovada subsiguientemente. (Véase Informe Preliminar entre Abogados de Conferencia con Antelación a Juicio (6 de marzo de 2018), Hecho estipulado #18).

5. Por su parte, AIG expidió una póliza de responsabilidad profesional ("Insurance Agents and Brokers Professional Liability Policy"), número 135-001002705-02, a favor de Conde Insurance Inc., con periodo del 20 de marzo de 2015 al 20 de marzo de 2016, con retroactividad al 20 de marzo de 2007, y con un límite de cubierta de $2,000,000.00 para cada acto y en el agregado. (Véase Informe Preliminar entre Abogados de Conferencia con Antelación a Juicio (6 de marzo de 2018), Hecho estipulado #27).

6. El 13 de abril de 2011, la Sra. María C. Díaz Aquino, madre de la señora Aurea I. Padilla Díaz, sufrió una caída en Casita de Amor. (Véase Informe Preliminar entre Abogados de Conferencia con Antelación a Juicio (6 de marzo de 2018), Hecho estipulado #10).

7. El 9 de abril de 2012, la Sra. Aurea I. Padilla Díaz (en adelante, "la Demandante") presentó la Demanda en el caso de epígrafe, contra Casita de Amor y otros. La Demandante alegó, en apretada síntesis, que en abril de 2011, su madre, la Sra. María Díaz Aquino sufrió una caída en el hogar de ancianos perteneciente a Casita de Amor, de la cual recibió varios golpes. A consecuencia de eso, la Demandante alegó haber sufrido daños, los cuales solicitó se remediasen por medio de este pleito.

8. La Demanda de autos le fue notificada a Integrand Assurance Company bajo la póliza número CP28043260. Véase Anejo 1, Carta de 7 de junio de 2012.

9. El 7 de junio de 2012, Integrand Assurance Company denegó proveer cubierta para la Demanda de autos. Véase Anejo 1, Carta de 7 de junio de 2012; Anejo 2, Carta de 17 de julio de 2012; Anejo 3, Carta de 20 de julio de 2012; Anejo 4, Carta de 11 de septiembre de 2012.

10. Tras Casita de Amor expresarle a Integrand Assurance Company que "contractualmente la aseguradora y el señor Conde representaron que eventos y dannos como el que provoca y alega esta Demanda están cubiertos", Integrand Assurance Company le comunicó a Casita de Amor en carta de 27 de noviembre de 2012 que Conde

"no es empleado no agente de Integrand Assurance Company, razón por la cual cualquier representación que este haya hecho a sus clientes bajo ninguna circunstancia obliga a Integrand Assurance Company" y que "los deberes contractuales que tenga Integrand Assurance Company para con sus clientes… están contenidos en la póliza". Véanse Anejo 5, Carta de 27 de noviembre de 2012.

11. En la carta enviada a Conde el 5 de diciembre de 2013, el Lcdo. Efrén J. Bula López, en representación del Lcdo. Julio Santos Rivera, Presidente de la corporación Casita de Amor, expresó que: "El Sr. Santos Rivera me informó que al momento de él solicitar sus servicios, su agencia de seguros le representó haber incluido en la póliza vendida eventualidades como la que se reclama en la Demanda. Sin embargo, ahora la aseguradora se niega a proveer cubierta". Anejo 6, Carta de 5 de diciembre de 2013.

12. Por su parte, el 16 de enero de 2014 el Sr. Vicente Conde Valentín, en representación de Conde, respondió a la Carta enviada el 5 de diciembre de 2013 y expresó que: "Me reafirmó que como corredor de seguros no puedo realizar, ni reali[é] al Sr. Santos Rivera las presentaciones señaladas por usted en su carta". Anejo 7, Carta de 16 de enero de 2014.

13. Así las cosas, el 21 de agosto de 2015 Casita de Amor demandó a Conde Insurance, Inc. y su aseguradora, mediante Demanda de Coparte contra Integrand Assurance Company y Demanda contra Tercero a Conde Insurance Inc.

14. Casita de Amor alegó que solicitó a Conde "que gestionara los seguros de responsabilidad pública con los correspondientes endosos para cubrir daños y perjuicios ocasionados a terceros que surgiesen como consecuencia de la operación de Casita de Amor".

15. El 23 de octubre de 2015 Conde contestó la Demanda contra Tercero y negó las alegaciones de Casita de Amor. A su vez, alegó afirmativamente que la "acción está prescrita".

16. En su Contestación a Demanda contra Tercero, AIG también levantó la defensa afirmativa de prescripción.

17. El 28 de noviembre de 2016 Conde y AIG presentaron Moción Conjunta sobre Oposición a Moción de Sentencia Sumaria presentada por Integrand Assurance Company.

18. El 1 de abril de 2017, notificada el 20 de abril de 2017, el Honorable Tribunal suscribió Sentencia Parcial archivando en su totalidad y Con Perjuicio todo reclamo promovido por la parte demandante respecto a Integrand Assurance Company.

19. El 5 de mayo de 2017 la tercera demandada AIG Insurance Company Puerto Rico presentó Solicitud de Reconsideración de Sentencia Parcial.

20. El 1 de marzo de 2018, el Honorable Tribunal dictó Sentencia Parcial desestimando la Demanda contra Terceros a favor de Conde Insurance y AIG.

21. El 10 de agosto de 2018, Casita de Amor presentó recurso de apelación a Sentencia Parcial que fue dictada a favor de Conde y AIG, apelación que el Honorable Tribunal declaró CON LUGAR.

Conforme a los hechos incontrovertidos antes expuestas, el TPI resolvió que era forzoso concluir que la Demanda contra Tercero estaba prescrita por tratarse de una reclamación de daños y perjuicios por impericia profesional y no una que alberga algún incumplimiento contractual. Por la razón antes mencionada, declaró Ha Lugar la solicitud de sentencia sumaria por prescripción que presentaron Conde y AIG. En consecuencia, desestimó con perjuicio la Demanda Contra Tercero que presentó Casita de Amor en contra de Conde y AIG.

Inconforme con este dictamen, el 6 de marzo de 2023, Casita de Amor presentó una *Moción para Determinaciones Adicionales de Hechos y Derecho y de Reconsideración*. Cabe mencionar, que los hechos adicionales que propuso la parte apelante fueron los siguientes: (1) que el Honorable Tribunal emitió Sentencia Parcial a favor de Integrand Assurance el 10 de abril de 2017 y (2) que el término prescriptivo para presentar una reclamación por incumplimiento de contratos es de 15 años desde que la parte perjudicada conoció el incumplimiento. El 1 de mayo de 2023, el TPI dictó una *Resolución* que se notificó el 3 de enero de 2024 en la cual declaró No Ha Lugar la solicitud de reconsideración y determinaciones adicionales de hechos y derecho. Aún en desacuerdo, el 2 de febrero de 2024, Casita de Amor presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

**Erró el Tribunal al no emitir conclusiones de Hechos y Derechos adicionales utilizando la totalidad del expediente.**

**Erró el Tribunal al dictar Sentencia Sumaria sin aplicar la Teoría Cognoscitiva del Daño al aplicar la fecha de 27 de noviembre de 2012 como fecha cierta desde la cual comenzó a decursar el término prescriptivo para traer a Conde Insurance como Tercero Demandado.**

Atendido el recurso, emitimos una *Resolución* concediéndole a la señora Padilla, a Conde y a AIG hasta el 1 de marzo de 2024 para

presentar sus posturas en cuanto al recurso. Oportunamente, AIG presentó un *Alegato en Oposición a Recurso de Apelación* al cual se le unió Conde y negaron que el TPI cometiera los errores que Casita de Amor le imputó. Además, cabe precisar que, el 6 de marzo de 2024, emitimos una *Resolución* solicitándole al TPI a que, en calidad de préstamo, nos tramitara el expediente original del caso.

Con el beneficio de la comparecencia de ambas partes procedemos a resolver el asunto ante nos. *Veamos.*

II.

**-A-**

La moción de sentencia sumaria es un mecanismo procesal que provee nuestro ordenamiento para propiciar la solución justa, rápida y económica de controversias en las cuales no es necesario celebrar un juicio. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 109 (2015). La sentencia sumaria "procede en aquellos casos en los que no existen controversias reales y sustanciales en cuanto a los hechos materiales, por lo que lo único que queda por parte del poder judicial es aplicar el Derecho". *Meléndez González et al. v. M. Cuebas, supra*; *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 430 (2013). El mecanismo de sentencia sumaria está regulado por la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V. En particular, la Regla 36.2 de Procedimiento Civil, *supra*, permite que cualquier parte presente una moción, basada en declaraciones juradas, o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación.

Al solicitar este remedio, "la parte promovente de la moción deberá establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material, o sea, sobre ningún componente de la causa de acción". *Municipio de Añasco v. ASES et al.*, 188 DPR 307, 326 (2013). De igual forma, la Regla 36.3(e) de Procedimiento Civil, *supra,* dispone que procede una adjudicación

de forma sumaria si de las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, junto con las declaraciones juradas, si las hubiese, y alguna otra evidencia, surja que no existe controversia real y sustancial en cuanto a ningún hecho esencial y pertinente y, además, si el derecho aplicable así lo justifica. *SLG Zapata-Rivera v. J.F. Montalvo,* supra, pág. 430. Según el Tribunal Supremo, "un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable". *Ramos Pérez v. Univisión,* 178 DPR 200, 213 (2010). La Regla 36.1 de Procedimiento Civil, *supra,* se refiere a estos hechos como "esenciales y pertinentes". *Meléndez González et al. v. M. Cuebas,* supra, pág. 110.

Conforme a lo anterior, "la moción de sentencia sumaria adecuadamente presentada sólo puede negarse si la parte que se opone a ella presenta una oposición basada en hechos que puedan mover a un juez a resolver a su favor". *Ramos Pérez v. Univisión, supra,* págs. 213-214, citando a P.E. Ortiz Álvarez, *Hacia el uso óptimo de la sentencia sumaria,* Año 3, Núm. 2, Rev. Forum, pág. 8 (1987). Es decir, la controversia sobre el hecho material que alega la parte promovida tiene que ser real. Íd. Ello ya que una controversia no es siempre real o sustancial, o genuina. Íd. La controversia debe ser de una calidad suficiente como para que sea necesario que un juez la resuelva a través de un juicio plenario. Íd.

La parte que se opone a que se dicte sentencia sumaria no puede descansar exclusivamente en sus alegaciones, ni tomar una actitud pasiva, sino que tiene que controvertir la prueba presentada por el solicitante, a fin de demostrar que sí existe controversia sustancial sobre los hechos esenciales y pertinentes del caso. *Toro Avilés v. PR Telephone Co.,* 177 DPR 369, 383 (2009). Es decir, si se presenta una moción solicitando sentencia sumaria apoyada en documentos u otra evidencia, el promovido tiene que, a su vez, presentar prueba para sostener sus alegaciones y no puede descansar en lo que ellas digan para derrotar la sentencia sumaria. R. Hernández Colón, *Práctica*

*Jurídica de Puerto Rico, Derecho Procesal Civil*, 6ta ed., Puerto Rico, Lexisnexis, 2017, pág. 315. De ahí que, "al considerar una moción de sentencia sumaria, el foro primario tendrá como ciertos los hechos no controvertidos que consten en los documentos y las declaraciones juradas presentadas por la parte promovente" y si de esos documentos no controvertidos surge que no existe una legítima disputa de hecho a ser dirimida, que sólo resta aplicar el derecho y que no se ponen en peligro los intereses de las partes, se dictara sentencia sin necesidad de que se celebre una vista en los méritos. *Díaz Rivera v. Srio. Hacienda*, 168 DPR 1, 27 (2006). Ahora bien, el Tribunal Supremo ha expresado que "[e]l hecho de no oponerse a la solicitud de sentencia sumaria no implica necesariamente que esta proceda si existe una controversia legítima sobre un hecho material". *Ramos Pérez v. Univisión,* supra, pág. 215.

En síntesis, no procede dictar sentencia sumaria cuando: (1) existen hechos materiales y esenciales en controversia; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción de sentencia sumaria una controversia real sobre algún hecho material y esencial; (4) como cuestión de derecho no procede. *Pepsi-Cola v. Mun. Cidra et al.,* 186 DPR 713, 757 (2012); *Ramos Pérez v. Univisión,* supra, pág. 217. Además, no se debe adjudicar un caso sumariamente cuando existe controversia sobre elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor credibilidad es esencial y está en disputa. Íd. pág. 219.

Según *Vera v. Dr. Bravo*, 161 DPR 308, 334-335 (2004) este Foro Apelativo utilizará los mismos criterios que el Tribunal de Primera Instancia al determinar si procede una sentencia sumaria. Sin embargo, el Tribunal Supremo especifica que, al revisar la determinación de primera instancia sólo podemos considerar los documentos que se presentaron ante el TPI. Íd. Lo anterior, debido a que "las partes no pueden añadir en apelación *exhibits*, deposiciones

o affidávits que no fueron presentadas oportunamente en el foro de primera instancia, ni pueden esbozar teorías nuevas o esgrimir asuntos nuevos por primera vez ante el foro apelativo". Íd. Además, sólo podemos determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta. Íd. Es decir, no podemos adjudicar los hechos materiales y esenciales en disputa, ya que esta tarea le corresponde al Tribunal de Primera Instancia. Íd.

Por otro lado, en *Meléndez González et al. v. M. Cuebas,* supra, pág. 118, el Tribunal Supremo estableció que al revisar una determinación del foro primario en la que se concedió o denegó una moción de sentencia sumaria debemos: (1) examinar de *novo* el expediente; (2) revisar que la moción de sentencia sumaria y su oposición cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil, *supra,* y con los discutidos en *SLG Zapata-Rivera v. J. Montalvo, supra;* (3) en el caso de una revisión de una sentencia dictada sumariamente, debemos revisar si en realidad existen hechos materiales en controversia, y de haberlos, exponer concretamente cuáles están en controversia y cuáles no; y (4) de encontrar que los hechos materiales no están en controversia, debemos revisar de *novo* si el Tribunal de Primera Instancia aplicó correctamente el derecho. Véase, además, *Rivera Matos, et al. v. Triple-S et al.,* 204 DPR 1010, 1025 (2020).

-B-

La Regla 43 de Procedimiento Civil, 32 LPRA Ap. V., R.43, preceptúa todo lo relativo a las enmiendas o determinaciones de hechos iniciales o adicionales. En lo pertinente, la Regla 43.1 de Procedimiento Civil establece lo siguiente:

> [e]l Tribunal podrá hacer las determinaciones de hechos y conclusiones de derecho iniciales correspondientes si éstas no se hubiesen hecho por ser innecesarias, de acuerdo con la Regla 42.2, podrá enmendar o hacer determinaciones adicionales o podrá enmendar la sentencia en conformidad. Si una parte interesa presentar una moción de enmiendas o determinaciones iniciales o

adicionales, reconsideración o de nuevo juicio, éstas deberán presentarse en un solo escrito y el tribunal resolverá de igual manera.

Como podemos observar, el propósito de este mecanismo es para que las partes tengan la oportunidad de solicitarle al TPI a que enmiende sus determinaciones de hechos o conclusiones de derecho o que formule unas adicionales. *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 356 (2003). Ello con el fin de que el dictamen esté adecuadamente fundamentado. Íd. De igual forma, cabe precisar, que el Tribunal Supremo ha expresado que, toda solicitud que se haga al amparo de la precitada regla debe exponer, con suficiente particularidad y especificidad los hechos que el promovente estime probados y debe fundamentarse en cuestiones sustanciales relacionadas con determinaciones de hechos o conclusiones de hechos materiales. *Andino v. Topeka, Inc.,* 142 DPR 933 (1997). Recordemos que, "un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable". *Ramos Pérez v. Univisión,* 178 DPR 200, 213 (2010).

### -C-

Conforme a nuestro ordenamiento jurídico, la prescripción extintiva es una institución de derecho sustantivo que extingue el derecho de ejercer determinada causa de acción. *Haedo Castro v. Roldan Morales,* 203 DPR 324, 336 (2019). Sobre el particular, el Artículo 1861 del Código Civil de Puerto Rico, 31 LPRA sec. ant. 5291 establece que "[l]as acciones prescriben por el mero lapso del tiempo fijado por la ley".[3] **Así, una vez se agota un término prescriptivo se extingue el derecho a ejercer la causa de acción y la persona sujeta a responder queda exonerada.** (Énfasis nuestro). *Maldonado v. Rivera v. Suárez y otros,* 195, DPR 182, 193 (2016). En ese sentido, la prescripción extintiva es una forma de extinguir las obligaciones. *SLG*

---

[3] El Código Civil de 1930 fue derogado por la Ley Núm. 55-2020, conocida como el Código Civil de Puerto Rico de 2020. Sin embargo, para propósitos de la disposición de este recurso estaremos citando el Código Civil derogado, pues los hechos ocurrieron durante la vigencia del Código Civil del 1930.

*García-Villega v. ELA et al.,* 190 DPR 799, 814 (2014). La eficacia de esta figura jurídica es automática y se produce *ipso iure* con el transcurso del tiempo fijado por ley, a menos que se realcen los actos interruptores dispuestos en el Código Civil. *Santos de García v. Banco Popular,* 172 DPR 759, 766 (2007).

La prescripción extintiva tiene el propósito de castigar la dejadez en el ejercicio de los derechos y evitar la incertidumbre en las relaciones jurídicas. *SLG García-Villega v. ELA et al., supra*, pág. 813. Así, "[a]l no ejercicio se le otorga un valor de carácter objetivo, "de manera que es independiente de cualquier voluntad que existiera en el titular del derecho, el cual no puede dejar sin efecto la prescripción ni oponerse a ella demostrando la inexistencia de una voluntad contrario". *Santos de García v. Banco Popular,* supra, pág. 767 citando a L. Díez-Picazo y Ponce de León, *La prescripción extintiva en el Código Civil y en la jurisprudencia del Tribunal Supremo*, Madrid, Thomson Civitas, 2003, pág. 127. En otras palabras, "la prescripción es independiente de la voluntad o de los motivos que el titular pudiera tener para su inacción". Íd. Además, es independiente de la existencia de errores o de impedimentos de carácter puramente fáctico. Íd.

El Código Civil de Puerto Rico de 1930, distingue entre los daños derivados del incumplimiento de contrato, a saber, el Art. 1054 del Código Civil, 31 LPRA sec. ant. 3018 y los daños derivados de la culpa extracontractual, Art. 1802 del Código Civil, 31 LPRA sec. ant. 5141. En ambas causas de acción, la "indemnización de daños exige una conducta antijurídica causante de los daños, bien por infringir lo acordado en contrato o bien por infringir el principio general de no causar daño a nadie. *Ramos Lozada v. Orientalist Rattan Furniture, Inc.*, 130 DPR, 712, 722 (1992). Sin embargo, el deber de indemnizar es distinto en ambos tipos de reclamaciones. Así pues, procede la acción en daños contractuales al amparo del Art. 1054 del Código Civil, *supra*, cuando el daño sufrido exclusivamente surge como consecuencia del incumplimiento de una obligación específicamente pactada, daño que

no ocurriría sin la existencia del contrato. En cambio, resulta procedente una reclamación de daños extracontractuales como resultado del quebrantamiento de un contrato, si el hecho causante del daño constituye una violación del deber general de no causar daño a otro, y, a la vez, incumplimiento contractual. *Ramos Lozada v. Orientalist Rattan Furniture, Inc.*, supra, pág. 727.

Ahora bien, una de las distinciones más notables entre las acciones derivadas de la responsabilidad contractual y la extracontractual estriba en el término prescriptivo que emana de cada una. Esto se agudiza aún más cuando está en juego la vitalidad de la causa de acción por cuestión de la diferencia sustancial entre los términos prescriptivos para las acciones contractuales y las extracontractuales. Arts. 1864 y 1868 del Código Civil de Puerto Rico, 31 LPRA secs. ants. 5294 y 5298, respectivamente. Ello pues, el Art. 1864 del Código Civil, *supra*, dispone que la acción por incumplimiento contractual prescribe a los 15 años, mientras que el Art. 1864 del Código Civil, *supra*, dispone que la acción por responsabilidad extracontractual prescribe al año. *Martínez Marrero v. González Droz*, 180 DPR 579, 592 (2011).

En lo pertinente al asunto ante nos, las acciones por impericia profesional son las que nacen cuando una persona desempeña su oficio, profesión u ocupación sin la debida prudencia o diligencia, o sin poseer la habilidad requerida. *Colón Gorbea v. Sánchez Hernández et al.*, 202 DPR 760, 768 (2019). Reiteradamente, el Tribunal Supremo ha resuelto que las acciones en daños y perjuicios por impericia profesional son de naturaleza extracontractual. Íd. El Artículo 1868 del Código Civil de 1930, 31 LPRA sec. 5298, dispone que **las obligaciones derivadas de la culpa o negligencia –Artículo 1802– prescribían en el término de un (1) año desde que lo supo el agraviado**. (Énfasis suplido). A tenor con lo anterior, se ha desarrollado la teoría cognoscitiva del daño, la cual establece que los términos para incoar una causa de acción comienzan a transcurrir una vez el perjudicado

conoció o debió conocer el daño, quién fue el autor y, además, desde que éste conoce los elementos necesarios para ejercitar efectivamente su causa de acción. *Maldonado v. Rivera v. Suárez y otros,* supra, pág. 194.

**-D-**

En lo atinente a la controversia ante nos, el Artículo 9.020 del Código de Seguros, 26 LPRA sec. 949a, define "*productor*" como "la persona que con arreglo a este Código ostenta una licencia debidamente emitida por el Comisionado para gestionar seguros en Puerto Rico [...]". Por otro lado, el Artículo 9.022 del Código de Seguros, 26 LPRA sec. 949c, establece la responsabilidad del productor hacia el asegurado. El precitado Artículo dispone lo siguiente:

> El productor deberá cumplir, entre otros, con los siguientes deberes:
>
> (1) Proveer al consumidor una orientación clara y completa sobre la cubierta, beneficios, límites, y exclusiones de a póliza de seguros gestionada por su conducto; así como de los deberes y obligaciones de este como asegurado bajo la misma.
>
> (2) Gestionar el producto de seguros que se ajuste a la necesidad de cubierta que procura el consumidor.
>
> (3) Identificar y medir la posible exposición de pérdida.
>
> (4) Cumplir con los deberes impuestos de conformidad con otras disposiciones de ese Código y con los principios de conducta que el Comisionado establezca mediante regla o reglamento.
>
> Cuando el productor actúe en calidad de representante autorizado del asegurador deberá cumplir, además, con aquellos otros deberes que le imponga el asegurador por virtud del contrato suscrito entre las partes.

III.

En su primer señalamiento de error, la apelante argumentó que el TPI erró al no emitir conclusiones de hechos y derechos adicionales utilizando la totalidad del expediente. Específicamente, sostuvo que, los hechos adicionales propuestos eran de fácil constatación y medulares ya que recogían el vínculo contractual que presuntamente existía entre ellos y Conde.

Por otro lado, en su segundo señalamiento de error, indicó que el TPI erró al no aplicar la teoría cognoscitiva del daño y resolver que la fecha del 27 de noviembre de 2012 era la fecha desde la cual comenzó a transcurrir el término prescriptivo para traer a Conde como tercero demandado. En cuanto a ello, expresó que fue a partir del 10 de abril de 2017 —cuando el TPI dictó Sentencia Parcial archivando, con perjuicio, la totalidad de la causa de acción en contra de Intregrand — que advino en conocimiento de que había sufrido un daño y de que Conde había sido quien lo causó. De este modo, razonó que fue a partir de esa fecha que comenzó a transcurrir el término prescriptivo para presentar la causa de acción por daños en contra de Conde. De igual forma, añadió que era forzoso concluir que el término prescriptivo aplicable al presente caso era de quince (15) años ya que la relación entre ellos y Conde era una de naturaleza contractual.

De entrada, cabe precisar que, al evaluar de *novo* la prueba documental que obra del expediente en apoyo a la solicitud de sentencia sumaria que presentó Conde y AIG y los hechos incontrovertidos estipulados por las partes que el TPI incluyó como parte del dictamen recurrido, concluimos que no existen hechos sustanciales en controversia que impidan dictar sentencia sumaria. Dicho lo anterior, nos resta determinar lo siguiente: (1) si en el presente caso aplica el término prescriptivo de un año correspondiente a las reclamaciones extracontractuales o si aplica el término de quince (15) años correspondiente las reclamaciones contractuales; (2) si la causa de acción en contra de Conde y AIG en efecto está prescrita; y, por último (3) si era necesario que el TPI acogiera las determinaciones de hechos y las conclusiones de derecho adicionales que propuso Casita de Amor para disponer del asunto de prescripción ante su consideración.

Discutiremos los señalamientos de error en conjunto por estar íntimamente relacionados entre sí. Como muy bien determinó el TPI, la causa de acción en contra de Conde es una bajo la figura de impericia

profesional. En el caso de marras, Conde desempeñaba como productor de seguros de Casita de Amor y las alegaciones en su contra fueron por la negligencia que este presuntamente incurrió en el desempeño de sus funciones al recomendar una póliza que no cubría la reclamación del presente caso. Cabe mencionar que, entre las funciones que desempeña un productor de seguros se encuentra el proveerle a su cliente una orientación clara y completa sobre la cubierta, beneficios, límites, y exclusiones de a póliza de seguros gestionada. Artículo 9.022 del Código de Seguros, *supra*. Además, estos deben gestionar el producto de seguros que se ajuste a la necesidad de cubierta que procura el consumidor. Íd.

Como es sabido, una causa de acción por impericia profesional nace cuando una persona desempeña su oficio, profesión u ocupación sin la debida prudencia o diligencia o sin poseer la habilidad requerida. *Colón Gorbea v. Sánchez Hernández et al.,* supra, pág. 768. A tales efectos, como mencionamos anteriormente, la causa de acción en contra de Conde y AIG es una por impericia profesional. En nuestro ordenamiento jurídico, las causas de acción por impericia profesional se dilucidan como una en daños extracontractuales. Íd. Dicho esto, el término prescriptivo aplicable a la presenten controversia en contra de Conde y AIG es el de un año.

Establecido lo anterior, nos corresponde determinar en segundo lugar si en efecto la acción en contra de Conde y AIG está prescrita. De los hechos incontrovertidos estipulados por las partes, surge que la apelante le expresó a Integrand que tanto este último como Conde le representaron que los daños que se reclamaban en la Demanda estaban cubiertos. En respuesta a ello, **el 27 de noviembre de 2012**, Integrand le remitió una carta a la apelante informándole que Conde "no era empleado ni agente de Integrand Assurance Company, razón por la cual cualquier representación que este haya hecho a sus clientes bajo ninguna circunstancia obliga a Integrand Assurance Company". Así pues, colegimos que desde ese momento Casita de Amor tenía

conocimiento de que Conde podía ser responsable por los daños reclamados en la presente controversia.

En virtud de lo anterior, resolvemos que la apelante tenía hasta el **27 de noviembre de 2013** para presentar una causa de acción en contra de Conde. Sin embargo, no fue hasta el **21 de agosto de 2015** que Casita de Amor presentó la Demanda contra Tercero en contra de Conde y AIG. Entiéndase, aproximadamente nueve (9) meses después desde que transcurrió el término prescriptivo de un año. Por lo tanto, la acción en contra de Conde y AIG está prescrita.

Cabe precisar que, el 5 de diciembre de 2013, Casita de Amor le envió una carta a Conde mediante la cual le manifestó que, al momento en que solicitaron sus servicios, este último le informó que su agencia de seguros le representó que incluía en la póliza vendida eventualidades como las que surgían en la Demanda. Conde respondió a esta carta el **16 de enero de 2014** expresando que como corredor de seguros no podía realizar las presentaciones antes señaladas. Aún si utilizáramos la fecha del 16 de enero de 2014 como fecha en que la apelante tuvo conocimiento que sufrió un daño por parte de Conde para que a partir de esa fecha comenzara a transcurrir el término de un año, la acción en contra de Conde y AIG estaría prescrita. Ello, ya que Casita de Amor tendría hasta el 16 de enero de 2015 para presentar una acción en contra de estos últimos. Recalcamos que no fue hasta el 21 de agosto de 2021 que la apelante presentó una Demanda contra Tercero en contra de Conde y AIG.

Por último, tomando en consideración lo antes resuelto, determinamos que los hechos incontrovertidos estipulados por las partes eran suficientes para determinar que en efecto la reclamación en contra de Conde y AIG era una extracontractual y estaba prescrita. Por consiguiente, los hechos y conclusiones de derecho adicionales que Casita de Amor le solicitó al TPI a que incluyera como parte del dictamen recurrido no eran materiales o pertinentes para resolver la controversia del presente caso. Los hechos adicionales propuestos eran

los siguientes: (1) que el Honorable Tribunal emitió Sentencia Parcial a favor de Integrand Assurance el 10 de abril de 2017 y (2) que el término prescriptivo para presentar una reclamación por incumplimiento de contratos es de 15 años desde que la parte perjudicada conoció el incumplimiento. Reiteramos que estos hechos adicionales propuestos no afectaban el resultado del dictamen recurrido de acuerdo con el derecho sustantivo aplicable. Por las razones antes expuestas, colegimos que no se cometieron ninguno de los señalamientos de error imputados.

IV.

Por los fundamentos antes expuestos, ***confirmamos*** el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones